Matthew J. Jaseh, J.
This is a motion for an order directing the respondent, City of Buffalo, to pay to the assignees of the petitioner a refund of taxes paid to the City of Buffalo for the year 1953, which refund had been directed to be made by an order of this court dated February 21, 1956.
The petitioner, Davego, Inc., commenced an action in this court to review the tax assessment on its property in the city of Buffalo for the years 1953,1954 and 1955. It had paid its taxes for the year 1953 but had defaulted in the payment of the 1954 and 1955 city taxes. By an order of this court dated February 21, 1956, the assessment on the petitioner’s real property was reduced substantially and the City of Buffalo was directed to pay to the petitioner the excess in taxes paid by it for the year 1953 due to the erroneous assessment. Following the entry of the above order the attorneys for Davego, Inc., entered into a *704 stipulation with the corporation counsel of the City of Buffalo, providing for a settlement relating to the refund due and the taxes in default for the years 1954 and 1955. This settlement provided that no cash refund would he paid to the petitioner in the event, among other things, that a pending sale of the property was completed on or before April 20, 1956. The pending sale of the property was never completed and on May 7, 1957, the petitioner assigned all of its rights to moneys due from the City of Buffalo to David Rosenthal and George Weichmann, the assignees referred to above. The City of Buffalo now refuses to pay the refund of excess taxes for the year 1953 to the petitioner or its assignees, claiming that by the terms of the stipulation entered into between the attorneys for the parties, the petitioner agreed to permit the amount of the refund to be applied on its unpaid taxes for the years 1954 and 1955 and that in fact, pursuant to said agreement, the City of Buffalo has already applied the overpayment to petitioner’s unpaid tax bill for the year 1954.
Aside from the stipulation entered into between the attorneys for the parties, there is no right in the City of Buffalo to apply the excess taxes paid by petitioner on its 1953 taxes to the unpaid tax bill for the year 1954. The controlling paragraphs of the stipulation read as follows:
“ (1) Petitioner agrees to consent to the application of all refunds due from the City of Buffalo to the petitioner in accordance with the order and judgment of the Court granted in the 1953 proceeding on February 21, 1956, for reduction of back taxes due for the tax years 1954 and 1955 as the same may be re-computed in accordance with the orders and judgments of the Court in the 1954 and 1955 proceedings granted February 21, 1956, if the conditions hereinafter set forth are fulfilled. (Emphasis added.)
* # %
“ (4) It is expressly stipulated and agreed that the following conditions must be fulfilled before either party is bound by this agreement of settlement:

% # #

“ (c) Petitioner must complete sale of the premises covered by these proceedings on or before April 20, 1956, in accordance with the contract between petitioner and Dale Development Corp., dated February 20,1956, it being under-' stood that such sale is contingent upon settlement in accordance with this stipulation and that payments of back City taxes will be made by the petitioner if and when such sale is closed.”
*705 It is readily seen from a reading of the above-mentioned provisions that the petitioner agreed to consent to the application of the refunds due it from the City of Buffalo upon the back taxes due for the years 1954 and 1955 only upon the condition that the sale of the premises be consummated on or before April 20, 1956. Since it is undisputed that the sale has never been consummated, by the terms of the agreement itself neither party is bound by its terms and the City of Buffalo is bound by the order of February 21, 1956, to pay to the assignees of the petitioner the amount of the tax refund due to the overpayment of petitioner’s 1953 city taxes.
The motion of the petitioner is granted.